FOWLER CAR CO. v. CHICAGO, B. & Q. R. CO.

(Circuit Court of Appeals, Seventh Circuit. August 29, 1916.)

No. 2364.

1. PATENTS ⬦328—VALIDITY—BOX CAR BODY.

The Fowler patent, No. 13,561 (original No. 962,425), for a box car body, having the side planks adjustably secured to the frame, so that in case of shrinkage they may be forced together to close the joints and a draw strap for effecting such compression, claims 1, 15, 16, and 17, *held* void for lack of patentable novelty.

2. PATENTS ⬦328—VALIDITY AND INFRINGEMENT—BOX CAR BODY.

The Murray patent, No. 967,412, for a box car body equipped with wedges as a means for tightening the side planks after shrinkage, *held* not infringed, if so construed as to give it validity.

3. PATENTS ⬦235—INFRINGEMENT—OMISSION OF PARTS.

A patent for an article of manufacture, which includes as an important and permanent part of the structure a device for keeping it in repair, cannot be construed to cover a structure having no such element; its function being performed by a separate tool having no connection with the structure itself.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 371; Dec. Dig. ⬦235.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Fowler Car Company against the Chicago, Burlington & Quincy Railroad Company. Decree for defendant, and complainant appeals. Affirmed.

From a decree dismissing its bill for infringement of certain patents, plaintiff appealed.

Appellant is the owner of the Murray patent, No. 967,412, issued August 16, 1910, and also of the Fowler reissue patent, No. 13,561, issued May 13, 1913. The original Fowler patent, No. 962,425, was issued June 28, 1910.

Appellee denied both validity and infringement of the original Fowler patent, the Fowler reissue patent, and the Murray patent. An added defense to the Fowler reissue patent is that the reissue was invalid, because application was not promptly filed and the delay not reasonably excused, intervening rights were acquired, and there was no accident, mistake, or inadvertence in the application for or issuance of the original patent.

The claims alleged to be infringed are 1, 15, 16, and 17 of the Fowler reissue patent, ·and claims 2, 4, 5, and 7 of the Murray patent.

Both patents relate to the bodies of single sheath box cars. The Fowler patent purports to be for such a car side having its planks adjustably secured to the ·frame, so that in case of shrinkage they may be forced together in order to close the joints, and provided with means (a draw strap) for effecting such compression. The Murray patent was for such a car side, but provided with wedges for pressing the planks together.

The inventor describes the Fowler patent as "a novel construction of box cars and has for its general object to simplify, lighten and cheapen the construction of box cars, more particularly the side walls and floors thereof by doing away with the necessity for double sheathing, especially in grain cars; a further important object being to provide a means for counteracting the effects of shrinkage and preventing the formation of cracks at the· points between the planks."

The method of preventing leaks is described by the inventor as follows: "As a means for drawing the side planks together to prevent the formation of cracks at the joints as well as to counteract shrinkage in the side planks and render the joints tight I employ a novel device in the nature of a tightening strap, which in its preferred form, is characterized by a hook or an equivalent device at its upper end, which engages over the upper edge of one of the

series of side planks, preferably the topmost, and a threaded lower end which passes through an anchorage below the side wall and receives a nut for securing and adjusting purposes."

The Murray patent referred to is described by the inventor as being "an invention pertaining to novel and useful tightening means for forcing such boards (car sides) together after shrinkage whereby to maintain the joints or seams between the same closed at all times."

Claim No. 5 of the Murray patent reads in part as follows: "In a railway car body wall, the combination of a plurality of boards disposed edge to edge, a roof beam and wedge means acting on said boards and disposed between the top board and said roof beam whereby the shifting of said wedge means may be employed to close the joints between the boards."

The appellee caused 500 cars to be constructed which were in use, the sides of which were single sheathed and means were provided, by means of jackscrews, to force the boards together, which boards were in turn maintained in such position by means of bolts extending through elongated bolt holes. No special kind of wedge was required, nor were the jackscrews in any way a part of the car side.

Charles C. Linthicum, of Chicago, Ill., for appellant.

Louis K. Gillson and Charles B. Gillson, both of Chicago, Ill., for appellee.

Before MACK, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). [1] It clearly appears from the testimony that the single sheath car was in use long prior to the application by Mr. Fowler for the patent in question. Moreover, the adjustable side wall was not patentable in 1910, for long prior thereto it had been covered by the Marshke patent, No. 684,611, issued October 15, 1901. This latter patent covered a grain tank or box for wagon, and the object of the invention is described by the inventor as being:

"An improvement to provide a simple and durable form of wagon body which is so constructed that the boards when shrunken may be drawn together and the grain thereby prevented from escaping therefrom."

Marshke shows that the means provided in his patent for tightening the grain wagon box was the same as that provided by Fowler in his patent. He says:

"The ribs are secured together by a series of bolts and the apertures in the ribs through which said bolts are inserted are made slightly larger than the bolts or preferably slightly elongated so as to permit them [the bolts] to move with the series of boards as they are drawn together."

We conclude that the Fowler reissue patent, No. 13,561, is invalid so far as the claims here involved are concerned.

[2, 3] The claims of the Murray patent involved herein cover the means for tightening the boards on the side of the box car. The mere use of a wedge as such for pressing boards together is not patentable. If the wedge in the Murray patent can be sustained as a valid claim, it must be by reason of its being a permanent part of the car side. A complete answer to appellant's claim in this respect is that appellee's cars were not equipped with the wedge as a part of the car side. The jackscrew in appellee's cars was merely used as a means—a tool, separate and distinct from the car itself—whereby the boards of the car side were pressed together.

It follows, therefore, that, so far as the claims of the Murray

patent are concerned, they were either invalid or not infringed. If construed so as to cover wedges generally, they were not valid, as they involved no patentable novelty. If restricted so as to be an integral part of a car side, they were not infringed by appellee.

Appellant contends that the structure for which protection was given by its patents should not be considered singly, but as a completed unit. As such, appellant contends the patented structure includes a single sheathed car, a single wall of sheathing made adjustable and.capable of being tightened and a novel tightening means per se. Appellants concede that a single sheathed car alone is not patentable, but they contend patentability of the invention becomes apparent when a single sheathed car has its planks so adjusted as to be capable of being tightened, and that the claim of patentability is strengthened when in addition thereto a novel tightening means is provided. Granting that its invention should be considered as a unit, we are unable to discover novelty or originality in the claims when viewed in the light of the patent to Marshke heretofore referred to. The addition of the Murray patent merely provides a particular novel means for pressing the planks together, and affords appellants no aid, for properly construed the claims in issue under the Murray patent are in no way infringed by appellees.

The decree is affirmed.